SHELDON & BARTON *v.* CHARLES S. CAPRON.

The purchaser at an auction sale by catalogue, wherein the parcels are numbered, is entitled upon his bid only to the parcel put up by the auctioneer by its number, though through mistake, a parcel of another number is exhibited to the bidders.

Where the auctioneer put up for sale parcel No. 24 and C. bid thereon, supposing No. 25 to be offered, and the parcel was struck off to him: *Held*, that neither parcel was sold, but the title to each remained unchanged.

EXCEPTIONS to a charge of the Court of Common Pleas. The action was replevin for a box and fourteen and one-sixth dozens gold rings of the value of $46 04, tried in the Court of Common Pleas. The plaintiffs were auctioneers of the city of Providence, and in December, 1853, sold at auction a large quantity of jewelry, arranged for sale in packages and boxes, numbered from 1 to 317. Printed catalogues were distributed at the sale, and the parcels or boxes as successively offered for sale by number, were exhibited to the bidders. Box No. 24 containing fourteen and one-sixth dozens hard solder rings, worth $3 25 per dozen, were struck off to Mathewson & Allen; and No. 25, containing eight and one-sixth dozens soft solder rings, worth $2 87 1-2 per doz. was struck off to the defendant. On the day after the sale, the clerk of the plaintiffs, by mistake, as he testified, delivered to the de-

fendant box No. 24, which the defendant received and paid for as being in fact the box upon which he bid ; and at the trial the defendant exhibited evidence tending to show that the box passed round among the bidders as box No. 25 was in fact that which the plaintiffs in this action claim to have been No. 24, struck off to Mathewson & Allen. The plaintiffs, on a refusal by the defendant to return No. 24 and contents, they tendering him No. 25 and contents, brought this action.

At the trial the defendant requested the Court to instruct the jury that if they found the box replevied was exhibited at the auction as No. 25, and that defendant bid upon it as that number, this action could not be maintained. This request the Court refused, and charged the jury that if they were satisfied that through a mistake at the sale or in the delivery the defendant had become possessed of the wrong box, and had thus got more than he paid for, or a superior article, and that he, on demand made for box No. 24, and a tender of box No. 25, had refused to correct the mistake, the plaintiffs were entitled to recover. The jury found for the plaintiffs, and thereupon defendant filed exceptions to these instructions of the Court.

*James Tillinghast* for the defendant.

*Lapham* for the plaintiffs.

STAPLES, C. J.—We see no error in the charge of the Court which will justify us in directing a new trial to be had in this case.

If the plaintiffs handed out box No. 25, which did contain 8 1-6 doz. filled and chased soft solder rings, and put it up at auction calling it No. 24 which did contain 14 1-6 dozens filled and chased hard solder rings, and

it was bid upon and finally struck off by them to Mathewson & Allen, it cannot be pretended that the purchasers would be required to take it as their bid. The minds of the parties never met. No contract was made between them. The plaintiffs were selling one thing and Mathewson & Allen purchasing or rather bidding upon another.

So, too, if plaintiffs did set up box No. 25 and strike it off to Mathewson & Allen at their bid for it, they could not compel M. & A. to take box No. 24, and that simply because M. & A. never bought it, and never bid anything for it. The supposed purchasers in both instances, would deem it very hard to be compelled to take what they did not purchase nor bid for, nor want, an article of inferior quality and value to that contained in box No. 24. If that supposed purchaser could not be compelled to fulfil his supposed bargain under these circumstances, neither could the plaintiffs, where box No. 24, the box of greater value, was by mistake substituted for box No. 25, one of less value. The same reason would govern both cases. and that is one named in the charge excepted to by the defendant, the mistake of the parties.

When the plaintiffs set up box No. 24, it was box No. 24 on their catalogue, the sale being by catalogue and the number having reference to it. It was No. 24 with the contents described in No. 24 on the catalogue. If box No. 25 on the same catalogue were exhibited as box No. 24 and so bid upon and purchased, still the purchaser would have a right to box No. 24, and no other. That was the box which the plaintiffs set up at auction, and that the one the purchasers bid upon and bought. If any other box should afterward be delivered or offered to the purchaser, he would of right turn to his catalogue

and require the box No. 24 of the catalogue with its contents, as he would not be bound to take as box No. 24, one which was of less value and contained different articles from the catalogue No. 24. So he could not legally keep them, if they proved of greater value. If on calling for his purchase the plaintiffs should offer him the true box, No. 24, which they sold, but which in fact was not the box which they exhibited, and which he bid for and bought as box No. 24, he could refuse to receive it on the ground of mistake, as he supposed he bought one and the plaintiffs supposed they had sold another. Neither the one nor the other was sold, but the title to each remained unchanged.

*New trial refused.*